TUSKA, SON & CO. *et al. v.* UNITED STATES (No. 692).[1]

ARTIFICIAL SHAMROCKS, ARTIFICIAL LEAVES.

It is a matter of common knowledge that the leaves of the shamrock are trefoil in shape and green in color. The importations are not toys, and while partly made of silk they resemble shamrock leaves. They may be aptly described as artificial shamrocks, and they were properly held dutiable as artificial leaves under paragraph 438, tariff act of 1909.

## United States Court of Customs Appeals, November 22, 1911.

APPEALS from Board of United States General Appraisers, Abstract 25543 (T. D. 31589), and Abstract 25835 (T. D. 31675).

[Affirmed.]

*John Giblon Duffy* and *Joseph G. Kammerlohr* for appellants.

*Wm. L. Wemple,* Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The protests here relate to an article referred to in the record as toy shamrocks, sometimes as artificial shamrocks. They were classified and assessed for duty as artificial leaves under paragraph 438 of the tariff act of August 5, 1909, the material part of which is as follows:

438.  *  *  *  Artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, sixty per centum ad valorem.  *  *  *

They are made of silk and metal, having in addition in some instances a miniature clay pipe or hat attached thereto, and for the purposes of the case it is conceded that silk is the component material of chief value.

The importers claim that the merchandise is dutiable under paragraph 403 of the same act, the material part of which is as follows:

403. All manufactures of silk, or of which silk is the component material of chief value,  *  *  *  not specially provided for in this section, fifty per centum ad valorem.  *  *  *

The protests were overruled by the Board of General Appraisers and the case is duly here upon appeal.

The articles appear to be made by forming a small wire into a trefoil shape and filling the space inclosed thereby with threads of silk yarn extending from the periphery through the approximate center of the shape. The yarn is colored green, and three of these trefoil shapes so filled with silk yarn are placed upon a single wire stem, which is tightly covered or wound with some green-colored paper or fabric. The greatest diameter of these shapes, so far as disclosed by the exhibits before us, is about three-fourths of an inch.

[1] Reported in T. D. 32053 (21 Treas. Dec., 615).

The contention of the importers is that the provision of paragraph 438 for artificial leaves must be confined to such articles or their parts as truly simulate natural leaves, and that the merchandise at bar does not simulate such leaves and can not, therefore, in any sense be described as an imitation thereof.

The board in effect found that the importations are artificial shamrocks, which we understand, amongst other things, to mean that they do simulate the natural shamrock; but it is said that the evidence does not sustain the finding, and it is pointed out that one witness introduced on behalf of the importers testified that the exhibits in the case presented no resemblance to the natural shamrock and bore no similitude to any natural leaf whatever.

We have carefully examined the record, and therefrom it appears that the only witnesses introduced were on behalf of the importers and that one witness did testify as claimed by the importers. It also appears that another witness testified in substance that .the exhibits did resemble the shamrock in shape and color, although he said he was not prepared to say whether or not they were larger or smaller than the natural leaf of the shamrock. Some of the importers' witnesses testified that the articles are bought and sold all over the United States as toy shamrocks; that they are pretty generally worn as the emblem of the shamrock by men, women, and children, mainly of Irish parentage, on St. Patrick's Day; that they are largely handled in the toy departments of various stores and are bought and sold as toy shamrocks, but not under the name of artificial flowers or foliage. They are not claimed to be dutiable as toys.

The board evidently affirmed the collector's classification upon the authority of former decisions of their own and that of United States v. Cattus (167 Fed. Rep., 532). An examination of that case shows that the articles were artificial shamrocks made of silk and metal, silk of chief value; that they were assessed as artificial leaves under paragraph 425 of the act of 1897, which was the predecessor of paragraph 438 of the act of 1909. It was there claimed they should have been assessed as toys. The Circuit Court of Appeals for the Second Circuit in substance said it appeared that they were sold as shamrocks, were used by the Irish of all ages as the national emblem on St. Patrick's Day, although they were imported by toy dealers and sold in toy shops; and sustained the assessment as artificial leaves. The only difference between that case and the one at bar that we are able to discover is that here it is contended by the importers that the articles are dutiable as manufactures in chief value of silk, while there it was urged that they were dutiable as toys.

We have no evidence as to the shape or size of the shamrock other than what we have already mentioned as embodied in the record. The Standard Dictionary defines "shamrock". as "any one of several

trifoliolate plants accepted as the national emblem of Ireland," and the cut of the same accompanying the definition shows a stock from which leaves issue in groups of three upon one stem, which leaves in form closely resemble that of the exhibits in question.

Various other lexicographers define the shamrock as a plant bearing trifoliolate leaves and generally refer to some variety of the clover as probably the true shamrock.

We think it is common knowledge that the leaves of the shamrock are of trefoil shape and of green color, which is the shape and color of the leaves on the exhibits in this case, and that it follows that these leaves do simulate and resemble the shamrock leaves and that the importations are artificial shamrocks. They have no considerable use as toys, but are, as the witnesses agree, worn in the United States as representing the national emblem of the Irish people on St. Patrick's Day. They are artificial leaves as classified by the collector and dutiable as such.

The judgment of the Board of General Appraisers is *affirmed.*