HIRSHBACH & SMITH v. UNITED STATES (No. 1201).[1]

ORNAMENTAL PAPER LEAVES OF VARIOUS COLORS.

There is no evidence that this merchandise has been embossed and die cut, but even if there were such evidence, these leaves, simulating natural leaves as they do and being ornamental, are more specifically described in paragraph 438, tariff act of 1909, and they were dutiable thereunder.

## United States Court of Customs Appeals, January 29, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32291 (T. D. 33409). [Affirmed.]

*Comstock & Washburn* (*George J. Puckhafer* on the brief) for appellants.

*William L. Wemple*, Assistant Attorney General (*Leland N. Wood*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise is truly described in the evidence and in the opinion of the board as paper leaves of various colors. It was assessed for duty under paragraph 438 of the tariff act of 1909, the relevant portion of which relates to—

Artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section.

This assessment was upheld by the Board of General Appraisers.

The importers in this court claim that the merchandise is properly dutiable under paragraph 415 of the same act, the relevant part of which relates to—

Paper embossed, or cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, * * * not specially provided for in this section.

These leaves are ornamental in appearance and are used by confectioners for trimming or decorating cakes. They simulate natural leaves of various colors. The importers concede they are in the form or shape of leaves and we have no hesitation in saying that in all material respects they so closely simulate the natural product that they must be held to be artificial leaves and so clearly within the provisions of paragraph 438, unless excluded therefrom by what is hereinafter referred to.

It is urged by the importers that they are excluded therefrom because it is said that, generally speaking, the field of operation of that paragraph is in the millinery trade, and it is argued that these leaves are embossed and die cut into their present form. We do not find in the record any evidence tending to show that the merchandise has been embossed and die cut and hardly feel warranted in assuming as a matter of judicial knowledge that they are so. If the importers

---

[1] Reported in T. D. 34169 (26 Treas. Dec., 235).

would stand upon that claim it was their duty to make proof of the manner of production.

If, however, it were to be assumed that these paper leaves are produced by an embossing or die-cutting process we still think the importers' claim untenable. The descriptive language in paragraph 438, "artificial and ornamental" (and these are both artificial and ornamental) "leaves of whatever material composed," is more explicit than the provision in paragraph 415 for "paper embossed or die cut into shapes" (certain shapes not including leaves being specified) "or other forms." The word "leaves" refers to a particular class of "shapes or forms" and not only more specifically describes them but is the only single word that could be employed to accomplish that result. That it is used with that intention is evidenced by the fact that it is followed by the words "of whatever material composed."

It can not be said that paragraph 438 is wholly limited to millinery articles, for while it relates to many things that are so used it does not make use the test and clearly includes articles which serve other purposes.

The judgment of the Board of General Appraisers is *affirmed.*