BEFORE THE FIRST DIVISION, DECEMBER 10, 1953

No. 57673.—Anglo-American Commodities v. United States, protest 143607–K (New York).

OLIVER, Chief Judge: This case relates to brooches and earrings, composed of bone china, which were classified as jewelry in chief value of artificial flowers under paragraph 1527 (a) (2) of the Tariff Act of 1930, as amended by the trade agreement with Mexico, T. D. 50797, and assessed with duty at 60 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930. Plaintiff claims that the articles are properly classifiable under the provision in paragraph 1527 (a) (2), as amended by said T. D. 50797, for "Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof), of whatever material composed (except jewelry composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum)," carrying a dutiable rate equivalent to 55 per centum ad valorem.

A sample of the brooch in question was received in evidence (plaintiff's exhibit 1). The article consists of a bone china base, the outside edge of which has been cut and colored green to simulate five leaves. In the center are three designs made to look like some kind of flowers, all crudely cut and variously colored. A safety pin is attached to the back to permit of attachment to wearing apparel. No sample of the earrings under consideration was produced, but the record shows that these earrings were similar to the brooches "on a smaller scale," and with an appropriate fastening arrangement for attaching the articles to the ears.

The importer of the present merchandise testified that these articles are sold principally "to shops that handle costume jewelry and similar types of lower grade items, variety shops and boardwalk type." The witness also stated that he had seen articles, similar to the brooch (exhibit 1), but without the pin part, used as "porcelain repair items; * * * as attachments to chandeliers; principally porcelain repairs, as repairs on old china."

The issue now before us was previously presented in the case of Coro, Inc. v. United States, 39 C. C. P. A. (Customs) 154, C. A. D. 478, the record in which case has been incorporated herein. In that case, the merchandise consisted of a brooch, composed of metal and glass, the metal being in trefoil form, consisting of three layers superimposed one on another in successively smaller diameters. The trefoil portions were black in color with a bright silver-like edging. The brooch, apart from the pin, was "in the form of a conventional flower" (R. 156). The court, in its opinion, said:

The testimony discloses that the articles are used for costume jewelry designed to be attached to dresses, coats, and hats of women as ornaments. There is nothing in the record to show that the flower-like portion of the exhibit is ever used by itself or for use in ornamenting wearing apparel.

In the incorporated case, the court excluded the merchandise from classification as articles in chief value of artificial flowers, and, in reaching its conclusion, stated:

In our opinion, even though it may be said that the involved articles are conventionally flower-like, they are neither appropriate nor suitable for the well-known purposes of ornamentation to which artificial flowers may be temporarily devoted. They are simply costume jewelry in the form of brooches which, omitting the pin portion, may be said to look like the form of some kind of a flower. It would tax the imagination to picture such articles as being artificial flowers in accordance with common understanding.

The foregoing from the Coro, Inc., case, supra, can be applied with equal force and effect to the merchandise here before us. Following the reasoning employed

in that case, we hold the brooches and earrings in question to be properly dutiable as jewelry under paragraph 1527 (a) (2), as modified, *supra*, at a rate equivalent to 55 per centum ad valorem, as claimed by plaintiff.

Counsel for defendant, in his brief, has cited several cases, all of which arose under earlier tariff acts. *Tuska, Son & Co. et al.* v. *United States*, 2 .Ct. Cust. Appls. 325, T. D. 32053; *Hirshbach & Smith* v. *United States*, 5 Ct. Cust. Appls. 124, T. D. 34169; *Bayersdorfer & Co.* v. *United States*, 7 Ct. Cust. Appls. 66, T. D. 36390. In each of those cases, the issue presented and the factual situations were materially different from that before us herein and are not controlling.

The protest is sustained and judgment will be rendered accordingly.